Amir Shlesinger (SBN 204132)
ashlesinger@reedsmith.com
Jonathan S. Barrera (SBN 340937)
jbarrera@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone:   +1 213 457 8000
Facsimile:   +1 213 457 8080

*Attorneys for Defendant*
*Blue Cross and Blue Shield of Texas*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Emsurgcare, and Emergency Surgical Assistant,<br><br>                Plaintiffs,<br><br>    v.<br><br>Blue Cross Blue Shield of Texas DOES 1-10,<br><br>                Defendant. | Case No. 2:24-cv-7610<br><br>[Removal From Superior Court of California, County of Los Angeles, Case No. 24STCV13608]<br><br>**DEFENDANT BLUE CROSS AND BLUE SHIELD OF TEXAS'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[DIVERSITY JURISDICTION]<br><br>[*Filed concurrently with Declaration of Arlene K. Kim; Civil Cover Sheet; Notice of Interested Parties; Corporate Disclosure Statement; and Proof of Service*] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Blue Cross and Blue Shield of Texas, an unincorporated division of Health Care Service Corporation ("HCSC"), a Mutual Legal Reserve Company ("BCBSTX"), hereby removes this action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is proper because this Court has diversity jurisdiction given that the parties are completely diverse and the amount in controversey exceeds $75,000.

In support of this Notice of Removal, BCBSTX states as follows:

## I.   FACTUAL AND PROCEDURAL BACKGROUND

1. On May 31, 2024, Plaintiffs Emsurgcare and Emergency Surgical Assistant ("Plaintiffs") filed a complaint ("Complaint") against BCBSTX in the Superior Court of the State of California, for the County of Los Angeles captioned *Emsurgcare, and Emergency Surgical Assistant v. Blue Cross Blue Shield of Texas* and assigned case number 24STCV13608 ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, along with a copy of all process, pleadings, orders, and publicly available documents filed in the State Court Action, is attached hereto as **Exhibits A (Complaint) and B (State Court Docket Filings)**.

2. Plaintiffs allege that they provided emergency surgical medical services to a BCBSTX member on February 12, 2021, and that pursuant to California's Knox Keene Act, BCBSTX was required to reimburse Plaintiffs their billed charges/usual and customary rate for the services they provided. *See* Complaint, ¶¶ 26, 27, 33, 37. Based on the foregoing, Plaintiffs assert a claim against BCBSTX for quantum meruit seeking no less than $103,500.00 in damages. *See id.* ¶¶ 29, 30, 34.

## II.   DIVERSITY JURISDICTION

3. As set forth herein, BCBSTX is removing the State Court Action to federal court because Plaintiffs are completely diverse from BCBSTX, and the allegations of

– 1 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

the Complaint make it clear that Plaintiffs seek over $75,000 in damages. The United States District Court for the Central District of California therefore has original jurisdiction over Plaintiffs' cause of action under 28 U.S.C. § 1332, in that this Court has diversity jurisdiction and BCBSTX may remove the matter to this Court under 28 U.S.C. § 1441.

4. "The Supreme Court has defined diversity jurisdiction as follows: 'The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000.'" *Sing v. Sunrise Senior Mgmt.*, No. C 23-00733 WHA, 2023 U.S. Dist. LEXIS 92831, at *4 (N.D. Cal. May 26, 2023) (ellipsis in original) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).

### A.     The Parties Are Diverse

5. The parties are diverse because Plaintiffs are citizens and domiciled in the State of California and BCBSTX is a citizen of Illinois. Complaint, ¶¶ 4, 5. At this stage, this is all BCBSTX must do to properly allege the citizenship of Plaintiffs for the purposes of removal. *See Wyatt v. Mercedes-Benz USA*, LLC, No. 2:23-cv-06422-SVW-MRW, 2023 U.S. Dist. LEXIS 188177, at *4 (C.D. Cal. Oct. 19, 2023) ("Absent a genuine dispute from [p]laintiff, all that [d]efendant must do at this stage is allege that diversity of citizenship exists."); *see also id.* ("[T]o remove to federal court, [defendant] merely had to affirmatively allege that diversity of citizenship exists[.]" (first alteration in original) (ellipsis in original)).

6. Yet, an assessment of BCBSTX's claim on its merits shows that the parties are indeed diverse. Plaintiffs allege in the Complaint, and thus concede, that they are citizens of California, Complaint, ¶¶ 4, 5, and therefore the Court must accept the allegation that Plaintiffs are citizens of California as true. *See Cannamark, Inc. v. Lighthouse Strategies, Ltd. Liab. Co.*, No. C18-1629-JCC, 2019 U.S. Dist. LEXIS 455, at *5 (W.D. Wash. Jan. 2, 2019) ("***Accepting the allegations of the complaint and notice of removal as true, as the [c]ourt must***, [d]efendants have sufficiently alleged

that each member is a citizen of a state other than Washington. In other words, [d]efendants have sufficiently pled that there is complete diversity of citizenship." (emphasis added) (citing *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016))).

7. Further, HCSC is a citizen of Illinois for diversity purposes. *See Priddy v. Healthcare Servs. Corp.*, No. 14-3360, 2016 WL 1122844, at *1 (C.D. Ill. Mar. 18, 2016) ("HCSC is an Illinois Mutual Reserve Insurance Company with its domicile and principal place of business in Chicago, Illinois."); *Shattuck Pharmacy Mgmt. P.C. v. Prime Therapeutics, LLC*, Case No. CIV-21-0221-F, 2021 WL 2667518, at *3 (W.D. Okla. June 29, 2021) (holding "HCSC was (and is) considered to be an Illinois corporation, making HCSC a citizen of Illinois for purposes of diversity." (citation omitted)); *Coghlan, v. Blue Cross Blue Shield of Texas*, No. H-12-2703, 2013 WL 150711, at *1-3 (S.D. Tex. Jan 14, 2019) ("It is clear that Defendant is a division of HCSC, *an Illinois corporation, with its principal place of business in Illinois*[.]" (emphasis added) (quoting *Hesse v. Blue Cross Blue Shield of Texas*, No. 4:11-CV-362, 2011 WL 4025453, at *2 (E.D. Tex. Aug. 15, 2011)) (same)).

8. BCBSTX, the name under which HCSC does business in Texas, is an unincorporated division of HCSC. As an unincorporated division of an Illinois corporation, BCBSTX is likewise a citizen of Illinois for diversity purposes. *Hesse*, 2011 WL 4025453 at *3-4 (holding that Blue Cross Blue Shield of Texas is a citizen of Illinois because "[i]t is clear that Defendant is a division of HCSC[.]"); *Fisher v. Blue Cross & Blue Shield of Tex.*, 879 F. Supp. 2d 581, 587 (N.D. Tex. 2012) (same); *Shattuck Pharmacy Mgmt.*, 2021 WL 2667518 at *4 (holding that BCBSOK, another unincorporated division of HCSC, is "deemed a citizen of Illinois" because "[a]s an unincorporated division of HCSC, the citizenship of BCBSOK is the same as the citizenship of HCSC"); *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1358 n.2 (10th Cir. 1990) ("For diversity purposes, unincorporated division's citizenship is same as corporation of which it is a part" (citation omitted)).

9. In addition to BCBTSX being a citizen of Illinois for removal purposes, contrary to Plaintiffs' allegation stating otherwise, neither HCSC nor BCBSTX are licensed to do business in California. *See* Declaration of Arlene Lim, ¶ 5.

10. Overall, the parties are completely diverse from each other as Plaintiffs are citizens of California and BCBSTX is a citizen of Illinois.

**B.  The Amount in Controversey Is Over $75,000**

11. "Where, as here, 'the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $ [75],000.'" *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (alteration in original) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). "The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." *Id.* (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)). "When the amount is not 'facially apparent' from the complaint, 'the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.''" *Id.* (quoting *Singer*, 116 F.3d at 377).

12. Here, Plaintiffs allege that they provided $103,500 in emergency surgical medical services to a BCBSTX member. Complaint, ¶¶ 26, 27, 37. As part of their allegations, Plaintiffs allege that BCBTSX failed to pay Plaintiffs their billed charges for the emergency medical care provided to the BCBSTX member. *Id.* ¶ 34. Moreover, Plaintiffs' prayer for relief makes it clear that Plaintiffs seek compensatory damages for the services provided to BCBSTX's member. *Id.* at p. 5. Thus, Plaintiffs own allegations, while not explicitly stated, make it clear that Plaintiffs seek their $103,500 billed charges as damages in this case.

13. Further, even if Plaintiffs were seeking an amount other than their billed charges for the surgery, the fact that Plaintiffs seek damages related to the costs for an emergency surgery on its own makes it facially apparent that the amount in controversey

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

in this case is more than $75,000. *See Apolinar v. Polymer80, Inc.*, No. CV 21-8401 PA (PVCx), 2021 U.S. Dist. LEXIS 234443, at *8 (C.D. Cal. Dec. 7, 2021) ("In cases involving severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied." (internal quotations and citation omitted) (quoting *Hammarlund v. C.R. Bard, Inc.*, No. CV 15-5506 SVW (JEMx), 2015 U.S. Dist. LEXIS 134962, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015))); *see also Jones v. CLP Res., Inc.*, No. CV 16-2133-GW(PLAx), 2016 U.S. Dist. LEXIS 68199, at *15 (C.D. Cal. May 23, 2016) (holding that removal is proper where the allegations in the complaint, along with the types of damages plaintiff seeks, make it facially apparent that the amount in controversey exceeds the jurisdictional amount) (citing *Rodriguez v. Boeing Co.*, No. CV 14-04625-RSWL (AGRx), 2014 U.S. Dist. LEXIS 106798, 2014 WL 3818108, at *5 (C.D. Cal. Aug. 1, 2014)).

14. Moreover, in addition to seeking compensation for the emergency surgical medical services provided to the BCBSTX member, Plaintiffs also seek statutory interest and other restitution. Complaint, p. 5. Thus, it is facially apparent from the allegations of the Complaint that Plaintiffs seek damages in an amount that exceed the jurisdictional amount. *Apolinar*, 2021 U.S. Dist. LEXIS 234443, at *8; *Jones*, 2016 U.S. Dist. LEXIS 68199, at *15.

15. Overall, the amount in controversy requirement is satisfied here because Plaintiffs seek to recover compensatory damages, statutory interest, other restitution, and additional unspecified relief for emergency surgical medical services provided to a BCBSTX member. *See generally* Ex. A.

16. Accordingly, complete diversity exists between the parties and the amount in controversy exceeds $75,000. Thus, this Court may exercise diversity jurisdiction over the case. 28 U.S.C. § 1332(a)(1).

//

//

## IV. TIMELY REMOVAL

17. "The Supreme Court has explained that 'a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.'" *Quality Loan Serv. Corp. v. 24702 Pallas Way*, 635 F.3d 1128, 1132 (9th Cir. 2011) (quoting *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347–48 (1999)) (emphasis in original). In this case, BCBSTX signed a Notice and Acknowledgement of Receipt ("NAR") in lieu of personal service in this case. *See* **Exhibit C** (Notice and Acknowledgement of Receipt). BCBSTX signed the NAR on August 19, 2024. *Id.* The NAR makes clear that "summons is deemed complete on the day you sign the acknowledgment of receipt below." *Id.* Accordingly, BCBSTX's deadline to remove is September 18, 2024, and thus this Notice of Removal is timely.

## V. VENUE IN THIS COURT IS PROPER

18. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is properly filed in the United States District Court for the Central District of California, Western Division.

19. Plaintiffs originally filed the State Court Action in the Superior Court of California, County of Los Angeles, which is located within the Central District of California. *See* 28 U.S.C. § 84(b)(2). Therefore, the United States District Court for the Central District of California, Western Division, is the proper venue to where this action should be assigned because it is "the district and division embracing the place where such action is pending." *See id.* § 1441(a).

## VI. COMPLIANCE WITH ADDITIONAL REMOVAL PROCEDURES

20. BCBSTX has fully complied with the procedural requirements for removal set forth in 28 U.S.C. § 1446.

21. In accordance with 28 U.S.C. § 1446(a), BCBSTX has filed a copy of all process, pleadings, and orders on file in the State Court Action with this Notice of

Removal. *See* Section I, *supra*, Ex. A, and Ex. B.

22. Pursuant to 28 U.S.C. § 1446(d), BCBSTX will provide this written Notice of Removal to Plaintiffs, by sending it to Plaintiffs' named attorney as identified in the caption page of the Complaint, and will promptly file a copy of this Notice of Removal in the Superior Court of California, County of Los Angles, before which the State Court Action is pending.

23. BCBSTX is contemporaneously filing a Civil Cover Sheet pursuant to Local Rule 3-1. *See* C.D. Cal. L.R. 3-1 (requiring that every complaint or other document initiating a civil action "must be accompanied by a Civil Cover Sheet (Form CV-071) completed and signed by the attorney or party presenting the matter.").

24. No previous request has been made for the relief requested herein.

25. As BCBSTX is the only named defendant in the State Court Action, BCBSTX need not obtain consent as to removal.

26. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

**WHEREFORE**, BCBSTX prays that this action be removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

DATED: September 6, 2024

REED SMITH LLP

By: */s/ Amir Shlesinger*
    Amir Shlesinger
    Jonathan S. Barrera

    *Attorneys for Defendant*
    *Blue Cross and Blue Shield of Texas*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 7 –
DEFENDANT BLUE CROSS AND BLUE SHIELD OF TEXAS'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446